10-3501-ag
Chen v. Holder

BIA
A077 657 953

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of July, two thousand eleven.

PRESENT:
            PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            ROBERT D. SACK,
                *Circuit Judges.*
_____

ZHI FENG CHEN,
            *Petitioner,*

        v.                                    10-3501-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Kerry A. Monaco, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhi Feng Chen, a native and citizen of the People's Republic of China, seeks review of an August 10, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Zhi Feng Chen*, No. A077 657 953 (B.I.A. Aug. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA did not abuse its discretion by denying Chen's motion to reopen as untimely, as he filed it more than three years after his final order of removal. *See id.;* 8 C.F.R. § 1003.2(c)(2).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA

2

reasonably concluded that only Chen's personal circumstances had changed, as his claim was based on the fact that he converted to Christianity and joined the Church of Jesus Christ of Latter-Day Saints ("LDS") in 2009. Aliens who have been ordered removed cannot "disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application." *Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008).

Even if Chen's petition was not, in fact, based on changed personal circumstances, substantial evidence supports the BIA's conclusion that Chen failed to show a material change in country conditions. Chen would then have been required to demonstrate how country conditions had changed since the time of his merits hearing. *See Matter of S-Y-G-*, 24 I. & N. Dec 247, 253 (BIA 2007). As the BIA found, Chen's evidence -- documentation of his conversion, his marriage certificate, pictures, a letter from an LDS stake president, the 2003, 2008, and 2009 State Department Country Reports on China, the 2008 International Religious Freedom Report on China, and a number of articles on LDS

activities in China and other Asian countries -- did not demonstrate that the Chinese government is punishing LDS members more harshly now than at the time of his hearing. Although the evidence indicated that repression of religion increased during the 2008 Olympics, the evidence also indicated that "freedom to participate in religious activities continued to increase in many areas." Accordingly, the BIA reasonably determined that, Chen failed to establish that conditions in China had materially changed so as to warrant reopening, and the BIA did not abuse its discretion in denying his motion. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4